1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | JOEL WALLACH,

Civil No.   06-2279-LAB(LSP)

12 |                                Petitioner,

13 |        vs.

**NOTICE REGARDING POSSIBLE
DISMISSAL OF PETITION FOR
FAILURE TO EXHAUST STATE
COURT REMEDIES**

14 | ROBERT J. HERNANDEZ, Warden

15 |                                Respondent.

16      Petitioner, a state prisoner proceeding with counsel, has filed a petition for writ of habeas

17 corpus under 28 U.S.C. § 2254.  Respondent has filed a Motion to Dismiss the Petition.

18 Petitioner has filed an Opposition to Respondent's Motion.  It appears that Petitioner has not

19 exhausted several of his claims.   Having preliminarily determined the petition contains

20 unexhausted claims, the Court notifies Petitioner of the possible dismissal of his petition.

21      The exhaustion requirement is satisfied by providing the state courts with a "fair

22 opportunity" to rule on Petitioner's constitutional claims.  Anderson v. Harless, 459 U.S. 4, 6

23 (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court,

24 either on direct appeal or through state collateral proceedings.[1]  See Sandgathe v. Maass, 314

25

26      [1] 28 U.S.C. § 2254 (b)(1)-(2) states:
      (b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the
27 judgment of a State court shall not be granted unless it appears that -
            (A) the applicant has exhausted the remedies available in the courts of the State; or
28            (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that

1

F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the <u>same</u> as that raised in the state proceedings. <u>See</u> <u>id.</u>

Here, the following claims appear to be unexhausted:

1. The offense factors cited by the Board were inapplicable because:

    a. there was no evidence that the commitment offense resembled an execution style murder,

      b. that the victim suffered,

      c. that Petitioner callously disregarded the victim's suffering,

    d. that there was no nexus between the facts of Petitioner's commitment offense and his current implied risk to public safety that would be posed if Petitioner was released on parole.

2. The "some evidence standard" is inapplicable.

3. Because Petitioner's commitment offense cannot outweigh overwhelming evidence of his current parole suitability under the preponderance of evidence standard, parole preclusion based on the offense denies due process.

## 2. PETITIONER'S OPTIONS

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

### i) First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than <u>January 12, 2007</u>. Respondent may file a reply by <u>February 2, 2007</u>.

### ii) Second Option: Voluntarily Dismiss the Petition

---

render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.  See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this second option, he must file a pleading with this Court no later than January 12, 2007.   Respondent may file a reply by February 2, 2007.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2]  Filing a petition in federal court does not stop the statute of limitations from running.  Id. at 181-82; Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

**iii) Third Option:  Formally Abandon Unexhausted Claims**

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones.  See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").  If Petitioner chooses this third option, he must file a pleading with this Court no later than January 12, 2007.  Respondent may file a reply by February 2, 2007.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the

---

[2]  28 U.S.C. § 2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

3

ability to ever raise them in federal court.  See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[3]

### iv)  Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s).  Rhines v. Webber, 544 U.S. __, 125 S.Ct. 1528 (2005); Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005).  If Petitioner chooses this fourth option, he must file a pleading with this Court no later than January 12, 2007.  Respondent may file a reply by February 2, 2007.

### 3.  CONCLUSION

The Court **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL.**  If Petitioner fails to respond to this Order, the Court will recommend to the District Judge assigned to this case that the Petition be dismissed

\\

\\

\\

\\

\\

\\

\\

---

[3]  28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

without prejudice.[4]  See Rose, 455 U.S. at 522.

DATED:  December 7, 2006

_____
Hon. Leo S. Papas
U.S. Magistrate Judge

---

[4]  Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations.  See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.

5