UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL WALLACH,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>ROBERT HERNANDEZ, Warden,<br><br>　　　　　　　Respondent. | Civil No. 06-2279-LAB (LSP)<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS (6-1) AND SETTING BRIEFING SCHEDULE |

　　　　Joel Wallach (hereafter "Petitioner"), a state prisoner represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent Robert Hernandez (hereafter "Respondent") has filed a Motion to Dismiss the Petition. Petitioner filed a Supplement to his Petition and an Opposition to the Motion to Dismiss. Petitioner also filed a a Notice of Relevant Decision. Respondent filed a Reply to Petitioner's Opposition. The Court, having reviewed the papers submitted by counsel, the authorities cited therein, and the documents lodged therewith, HEREBY DENIES Respondent's Motion to Dismiss.

# FACTUAL BACKGROUND

On April 24, 1984, pursuant to a negotiated plea agreement, the San Diego Superior Court imposed a 25 years-to-life term with the possibility of parole for Petitioner's conviction for first degree murder.

In 1999, Petitioner was found unsuitable for parole.

On September 7, 2005, Petitioner was again found unsuitable for parole. The September 7, 2005 Board of Parole Hearings (hereafter "BPH") set forth two findings in support of its decision that Petitioner was unsuitable for parole:

1. <u>The commitment offense</u> "... was carried out in an especially cruel and callous (and) in a dispassionate and calculated manner... multiple victims were attacked... the motive ... is inexplicable or very trivial in relationship to the offense...

2. (T)he District Attorney's Office is adamantly opposed as well as the San Diego Police Department.
(Pet. Exh. C at 81-83)

In a separate decision, the BPH set Petitioner's next parole hearing for 2008. It justified its decision by reciting the same factors set forth in determining Petitioner was unsuitable for parole. (Pet. Exh. C at 85)

Petitioner claims that his due process rights were violated by the BPH's September 7, 2005 decision.

# PROCEDURAL HISTORY

On October 10, 2006, Petitioner filed his Petition for Writ of Habeas Corpus. The Petition contains 7 "claims:"

1. Denial of Parole Abrogated Due Process Because the Ground Recited by the BPH Therefor and the Two Findings Recited in its Support Were Arbitrary Unsupported by Any Evidence, Inapposite to the Record, Inherent in the Elements and Definition of First-Degree Murder, and/or Irrelevant to Parole Determination Under the Regulations

(a) Finding 1 : The offense was carried out in an especially cruel and callous (and) in a dispassionate and calculated manner... is inexplicable or very trivial in relation to the offense.

  (b) Finding 2: The other reasons for the denial is the District Attorney's Office is adamantly opposed as well as the San Diego Police Department.

  2. The Offense Factors Cited were Inapplicable for Other Reasons

  3. Due Process Does Not Permit the Unchangeable Facts of Petitioner's Commitment Offense to be Employed to Interminably Preclude His Parole, Thereby Modifying His Prison Term to Life Without the Possibility of Parole.

  4. Because Petitioner's Commitment Offense Cannot Outweigh Overwhelming Evidence of His Current Parole Suitability Under the Preponderance of the Evidence Standard, Parole Preclusion Based on the Offense Denies Due Process.

  5. The "Some Evidence" Standard of Review is Inapplicable.

  6. The BPH's Separate Decision to Defer Petitioner's Next Parole hearing for Three Years was Arbitrary and Abrogated Due Process.

  7. The Inherent Anti-Parole Bias Created by the Governor's and BPH's Failure to Comply With the Mandatory Composition Requirements of Penal Code §5075 Violates Due Process and Petitioner's Liberty Interest in Parole.

  On November 27, 2006, Respondent filed a Motion to Dismiss the Petition.  In the Motion, Respondent contends that Petitioner failed to exhaust his state court remedies as to his claims that the offense factors cited by the BPH were inapplicable because:

  (1) there was no evidence that the commitment offense resembled an execution style murder, that it was dispassionate or calculated, the victim suffered or that Petitioner callously disregarded the victim's suffering [Claim 1(a)];

  (2) that there was no nexus between the facts of Petitioner's commitment offense and his current implied risk to public safety that would be posed if Petitioner were relased on parole (Claim 3); and

  (3) that the "some evidence" standard of review is wrong (Claim 5).

  On December 7, 2006, Petitioner filed an Opposition to Respondent's Motion to Dismiss. In the Opposition, Petitioner asserts that the claims which Respondent alleges are unexhausted were actually presented to the California Supreme Court, albeit in different forms.

1    On December 7, 2006, the Court filed a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies.

On December 8, 2006, Petitioner filed a Response to the Notice Regarding Possible Dismissal of Petition. In the Response, Petitioner asserts that the claims which Respondent argues are unexhausted are not claims *per se*, but are argument or different terminology than that used in Petitioner's Petion for Review to the California Supreme Court.

On January 26, 2007, Respondent filed a Notice of Relevant Decision in which he claims that the decision in Brodsky v. Kane 2007 WL 120829 (N.D. Cal. January 11, 2007) is applicable to the present case.

On February 2, 2007, Respondent filed a Reply to Petitioner's Opposition to the Motion to Dismiss. In the Reply, Respondent reiterates the arguments made it his Motion to Dismiss.[1]

On February 12, 2007, Petitioner filed a Response to Respondent's Reply Re Motion for Dismissal. In this Response, Petitioner reiterates the applicability of Brodsky to this case.

## ANALYSIS

"To satisfy the exhaustion requirement of §2254, petitioners for writs of habeas corpus must 'fairly present their federal claims to the state courts in order to correct alleged violations of its prisoners' federal rights.'" Lyons v. Crawford 232 F3d 666, 668 (9th Cir. 2000) *as amended* 247 F3d 904 (9th Cir. 2001) A federal habeas court must consider whether the prisoner's filing in state court included reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief. Gray v. Netherland 518 U.S. 152, 162-3 (1996) Unless a petitioner first exhausts all of his claims in state court, a federal court must dismiss his petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy 455 U.S. 509, 510 (1982).

In this case, Respondent alleges that three of Petitioner's claims are unexhausted. Two of these claims relate to Petitioner's arguments that the BPH's evidentiary findings (or lack thereof)

---

[1] Respondent's Reply to Petitioner's Opposition did not address the applicability of Brodsky to the present case.

failed to comport with due process. [Petitioner's Claims 1(a), 3, and parts of claims 2 and 4]. The third claim is that the "some evidence" standard of review is inapplicable. (Petitioner's Claim 5)

Contrary to Respondent's assertions, these are not independent and unexhausted "claims" that must be exhausted before they are presented to this Court. Instead, all three "claims" are *arguments* that relate to Petitioner's central claim that the BPH's decision failed to comport with due process. Brodsky 2007 WL 120829 at *2, *See* Greenholtz v. Inmates of Neb. Penal and Corr. Complex 442 U.S. 1 (1979)(finding that a state statute mandating parole creates a liberty interest that may not be denied without due process of law); McQuillon v. Duncan 306 F3d 895, 902 (9th Cir. 2002)(holding that "California's parole scheme gives rise to a cognizable liberty interest in release on parole.)

Simply put, the "claims" are not claims at all; they are Petitioner's arguments offered in support of his claim that his due process rights were violated. Brodsky, supra at *3 In fact, it would not be possible for Petitioner to exhaust in state court the "claims" to which Respondent takes issue. The "claims" are arguments that, by definition, are appropriately made in federal habeas proceedings about whether the decisions of the state courts were "contrary to, or an unreasonable application of" clearly established United States Supreme Court precedent. 28 U.S.C. §2254(d), Brodsky, supra at *3.

The three "claims" identified above were all fairly presented to the California Supreme Court, albeit in different forms, through Petitioner's arguments that the BPH's findings were deficient and failed to comport with due process. Since the Court finds that Petitioner has exhausted all of his "claims" identified in Respondent's Motion to Dismiss, Respondent's Motion to Dismiss is DENIED.

## BRIEFING SCHEDULE

Respondent shall file and serve an Answer to the Petition, and a Memorandum of Points and Authorities in Support of Such Answer, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **June 1, 2007**. At the time the Answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be

accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

Petitioner may file a Traverse to matters raised in the answer no later than **July 2, 2007**. Any Traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the Answer; (b) shall be limited to facts or arguments responsive to matters raised in the Answer; and ©) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the Traverse will not be considered. No Traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's Traverse is due.

Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

DATED: April 11, 2007

Hon. Leo S. Papas
U.S. Magistrate Judge