# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JOEL WALLACH, | CASE NO. 06cv2279-LAB (LSP) |
|---|---|
| Plaintiff, vs. | **ORDER REQUIRING BRIEFING ON ISSUE OF CERTIFICATE OF APPEALABILITY** |
| ROBERT HERNANDEZ, Warden, | |
| Defendant. | |

On September 7, 2005, Petitioner was found unsuitable for parole by California's Board of Parole Hearings, which set the next parole hearing for 2008. On October 10, 2006, after exhausting state court remedies, Petitioner filed his habeas petition in this Court. After full briefing, the Court denied the petition on August 29, 2008. Petitioner then on September 15, 2008 filed a notice of appeal, without requesting a certificate of appealability. On November 3, 2008, the Court issued an order declining to grant a certificate of appealability because, under *Hayward v. Marshall*, 512 F.3d 536, 541 n.6 (9th Cir. 2008), no such certificate was needed.

On April 22, 2010, the Ninth Circuit, sitting *en banc*, reversed its earlier holdings and determined a certificate of appealability was required in such cases. *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). Thereafter, the appellate panel issued an order directing this Court to either grant or deny the certificate. The order requires this Court to specify which

///

issues are appealable (if the certificate is granted), or why none are appealable (if the certificate is denied).

Petitioner is represented by counsel. Because no formal request for a certificate of appealability has ever been made, Petitioner has not specified which issues he wishes to appeal, and on what basis. Under AEDPA, the Court can only issue such a certificate "if the applicant has made a substantial showing of the denial of a constitutional right," and the certificate must "indicate which specific issue or issues satisfy the [required] showing." *Smith v. Mahoney*, 596 F.3d 1133, 1148 (quoting 28 U.S.C. § 2253(c)(2) and (3)).

Because of the passage of time, mootness has become a concern. Petitioner's latest parole hearing was scheduled some time in 2008, so it apparently has taken place. The petition may therefore have been mooted by later decisions of the Board of Parole Hearings. The Court is obligated to examine jurisdictional issues such as mootness, *sua sponte* if necessary. *ACLU of Nevada v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006).

Petitioner is therefore **ORDERED** to file an application for a certificate of appealability identifying the issues for appeal and showing that they are appealable. The request must also explain why the issues present a live controversy and have not become moot as a result of later parole hearings or decisions. As the party invoking the Court's jurisdiction, Petitioner bears the burden of showing this is a live controversy. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008). The application shall not exceed fifteen pages, not counting any attached or lodged material, and must be filed by **August 9, 2010**. Respondent may, if he wishes, file a reply on the issue of mootness, no later than **August 16, 2010.** Respondent's reply must not exceed seven pages, not counting any attached or lodged material.

**IT IS SO ORDERED**.

DATED: July 8, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge